**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4558**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RAFAEL CEE-ERWIN SOLOMON, a/k/a Rip,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:25-cr-00077-1)

_____

Submitted:  July 23, 2026                               Decided:  July 27, 2026

_____

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Natalie R. Atkinson, ATKINSON & FRAMPTON, PLLC, Charleston, West Virginia, for Appellant.  Moore Capito, United States Attorney, Jeremy B. Wolfe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Cee-Erwin Solomon appeals the 121-month sentence of imprisonment imposed following his guilty plea to three counts of distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1). Solomon argues that the district court miscalculated his Sentencing Guidelines range by finding that he constructively possessed drugs and a firearm found in an apartment and by concluding that this possession was relevant conduct. He also argues that the sentence is substantively unreasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted).

With respect to the procedural reasonableness of Solomon's sentence, we review the district court's legal determinations de novo and its factual findings for clear error. *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Claybrooks*, 90 F.4th 248, 253 (4th Cir. 2024) (internal

2

quotation marks omitted).  "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

Solomon argues that his sentence is procedurally unreasonable because the district court improperly found that he constructively possessed certain contraband and wrongly concluded that this possession was relevant conduct for the instant offenses.  The Government must prove disputed Guidelines enhancements by a preponderance of the evidence, which "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence."  *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted); *see United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021).  Constructive possession requires "ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed" and "knowledge of the presence of the contraband."  *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010).  "Notably, dominion and control cannot be established by mere proximity to the contraband, . . . [or] mere presence on the property where the contraband is found."  *United States v. Blue*, 808 F.3d 226, 232 (4th Cir. 2015).

Under the Sentencing Guidelines, relevant conduct includes "all acts and omissions committed, aided, [or] abetted . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  U.S. Sentencing Guidelines Manual

3

§ 1B1.3(a)(1) (2024). Additionally, "with respect to offenses of a character for which [USSG] § 3D1.2(d) would require grouping of multiple counts," relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct . . . as the offense of conviction." USSG § 1B1.3(a)(2). Offenses may "qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." USSG § 1B1.3 cmt. n.5(B)(ii). "That is to say, the same-course-of-conduct standard requires only that the defendant be engaged in an identifiable pattern of certain criminal activity." *United States v. McDonald*, 28 F.4th 553, 564 (4th Cir. 2022) (citation modified). In making this assessment, courts consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." USSG § 1B1.3 cmt. n.5(B)(ii).

We have reviewed the record and conclude that the district court did not clearly err in finding, by a preponderance of the evidence, that Solomon constructively possessed the drugs and firearms recovered from an apartment. As the district court discussed, the apartment's landlord identified Solomon as the apartment's lessee, investigators observed Solomon leave the apartment immediately prior to selling fentanyl to confidential informants on four different occasions, and the apartment contained clothes Solomon wore while selling fentanyl, pre-recorded bills from his sales to the confidential informants, and controlled substances he mentioned during the controlled purchases. Based on these and other facts, we cannot definitively say that the district court erred in finding that Solomon constructively possessed the contraband within the apartment.

4

We further conclude that the district court did not clearly err in finding that Solomon's possession of the drugs and firearm was relevant conduct to his offenses. *See United States v. McVey*, 752 F.3d 606, 610 (4th Cir. 2014) ("[T]he application of the relevant conduct standard typically involves consideration of factual circumstances, such as whether acts or omissions are sufficiently similar . . . .  Such analysis constitutes factfinding that we review for clear error.").  Solomon's possession of the drugs within the apartment, if charged as an offense, would be grouped for sentencing purposes with the fentanyl distribution charges to which he pled guilty. *See* USSG § 3D1.2(d) (requiring grouping of drug offenses).  And given that Solomon possessed the drugs and firearm alongside drug distribution paraphernalia and only days after indicating to a confidential informant that he had additional substances for sale, the district court plausibly found that this possession was part of the same course of conduct as Solomon's fentanyl distribution. *See United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017) (explaining that weapon is possessed in connection with relevant illegal drug activity where there is "a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant" (internal quotation marks omitted)).

Turning to the substantive reasonableness of Solomon's sentence, his sentence is presumptively reasonable because it is "within . . . [the] properly calculated Guidelines range." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  Furthermore, the district court explained that the sentence was necessary considering the seriousness of Solomon's offenses, his violent criminal history, and his return to drug trafficking shortly

5

after his release from serving a long federal sentence for a drug offense. We thus conclude that Solomon has failed to rebut the presumption of reasonableness afforded his sentence.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*